## ABIAL R. NEWCOMB

*v.*

## WILLIAM P. LAUNTZ, Assignee, etc.

1. MONEY HAD AND RECEIVED—*when may be recovered back.* Where a person leaves money with another with directions to apply the same as premiums on life insurance for him, the person receiving the money having no vested interest therein, the one so making the deposit may, at any time before the directions are acted upon, demand its return, and upon refusal, recover under the counts for money had and received to his use.

2. But if money is left with an insurance agent to be applied as premiums on risks of life insurance by the agent, as a mode of compensating him for procuring a large loan of money from the insurance company the agent represents, the agent will have a vested interest in the money, and the person so depositing the same can not, of his own volition, and without the agent's consent, abrogate the contract, and recover back the money under the common counts in assumpsit. His rights, if any, must be enforced under the special contract.

WRIT OF ERROR to the City Court of East St. Louis.

Mr. GARLAND POLLARD, for the plaintiff in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellee, as assignee in bankruptcy of Henry Recker, obtained judgment in the court below for $320.20, being the amount of money claimed to have been placed in the hands of appellant, as agent of Recker, by Recker, and by appellant retained, and refused to be returned after demand made to that effect. Recker, through a firm of which appellant was a member, and of which he is now sole surviving partner, obtained a loan of $15,000, and of this left in the hands of appellant's firm $640.40, to be applied as premiums on life insurance, which he agreed to furnish, in the American Life Insurance Company, to the amount of $30,000. He took out a policy on his own life for $15,000, and $320.20 of the amount in the hands of appellant's firm was applied in payment of the premium on this policy. He furnished no other risks, and appellant's firm, still retaining the remaining $320.20, refused to pay it over to him on demand. This money is in the hands of appellant, as surviving partner. Appellant's claim is, that Recker's agreement, on leaving this money with his firm, was, in fulfillment of his prior contract with them in regard to obtaining the $15,000 loan, that it should be left in their hands and applied as premiums on risks, as a mode of compensating them for their services in aiding him to effect the loan, they being insurance agents for said company, and pecuniarily interested in obtaining risks. If this be true, they had a vested interest in the money which Recker could not, by any act of his, divest without their consent. There was evidence tending to establish this claim, and there can be no question that if it preponderated, Recker's assignee could not recover the money in an action of assumpsit on the common counts.

The second instruction given at the instance of appellee was, "Unless it was expressly agreed that the $320.20 should be forfeited in case of Recker's failure to perform his part of the contract, the defendant has no right to retain it." This

10—89 ILL.

instruction was calculated to mislead the jury, and the giving of it was error.

No claim was made that Recker had forfeited the money. The question was, simply, whether appellant, or the firm he represents, had a vested interest in the money. If he or they did not have, Recker might, at any time before his directions in regard to it were acted upon, demand its return to himself, and, upon refusal, recover under the counts for money had and received to his use. If they had a vested interest in the money, Recker could not, solely of his own volition and without their consent, abrogate the contract. Whatever rights might exist in his behalf, could only be enforced under the contract.

The other errors we do not think well assigned.

The judgment is reversed and the cause remanded.

*Judgment reversed.*